UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Yousef Kadmiri,<br><br>         Plaintiff,<br><br>  v.<br><br>MGM Grand Intl., et al.,<br><br>         Defendants. | Case No. 2:25-cv-01514-APG-DJA<br><br>**Order** |

    Pro se Plaintiff Yousef Kadmiri filed two identical applications to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF Nos. 5, 8). However, Plaintiff's applications are missing certain information. The Court thus denies Plaintiff's applications without prejudice. Additionally, the Court informs Plaintiff that filing applications repeatedly will not expedite this Court's ruling on them, but will instead slow it down.

**I.**    **Discussion.**

    Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

    The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her

poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

On the applications, Plaintiff claims to makes no money from employment or any other source. Plaintiff also claims to have no bills of any kind. However, on the docket, Plaintiff includes an address. The Court takes judicial notice of the fact that public records reveal the address is a home. Plaintiff does not provide any details in the application regarding how he pays rent or a mortgage, how he pays utilities or other bills, or how he lives considering his claim to have no money and no bills.

In response to question 5, Plaintiff indicates that he has two non-operating vehicles. However, he does not answer the remainder of that question because he does not describe the vehicles' approximate value. In response to question 8, Plaintiff indicates that he has debts from credit cards and medical bills. But Plaintiff does not respond to the remainder of that question because he does not describe the amounts owed and to whom they are payable.

The Court finds that Plaintiff has omitted information from the application. As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank. Plaintiff must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* applications without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full.

Finally, Plaintiff is advised that his habit of filing repeated applications will not increase the speed with which the Court is able to proceed in this case. The Court has a heavy docket. Plaintiff's case is just one of hundreds before the Court. Therefore, Plaintiff's repetitive filings only *slow* the pace of this litigation.

**IT IS THEREFORE ORDERED** that Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 5, 8) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **October 10, 2025,** to: (1) file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: September 10, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.