**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Yousef Kadmiri,

              Plaintiff,

    v.

MGM Grand Intl.; et al.,

              Defendants.

Case No. 2:25-cv-01514-APG-DJA

**Order
&
Report and Recommendation**

Before the Court is pro se Plaintiff Yousef Kadmiri's application to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee). (ECF No. 12). However, Plaintiff's application contains rambling and nonsensical responses to the questions. Plaintiff's complaint (ECF No. 1-1) and multiple motions (ECF Nos. 6, 7, 9, 10) contain the same rambling, nonsensical, and delusional allegations. Because Plaintiff's action is delusional and frivolous, the Court denies the application to proceed *in forma pauperis*, recommends dismissing Plaintiff's complaint with prejudice and without leave to amend, and recommends denying Plaintiff's pending motions as moot.

**I.    Discussion.**

    **A.    *Plaintiff's application to proceed* in forma pauperis.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

Here, Plaintiff's renewed application to proceed *in forma pauperis* contains rambling and nonsensical responses to questions. (ECF No. 12). For example, Plaintiff responds to question 1

1    by stating that he is incarcerated at his home address.  However, later Plaintiff states that he is

2    "effectively homeless and is residing with family…"  In responding to question 3, which asks

3    Plaintiff to list sources of income, Plaintiff responds with a long narrative, including the sentence

4    "Plaintiff has been the target of systemic attacks orchestrated by mgm [sic] grand resort

5    international by and through a law enforcement handler his mother and sister, who act in concert

6    with certain enforcement personnel for improper financial gain."  Given Plaintiff's nonsensical

7    answers, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.  So,

8    the Court denies Plaintiff's application.

9        **B.    The Court recommends dismissing Plaintiff's complaint and denying Plaintiff's**

10       **motions.**

11       Typically, the Court would provide Plaintiff leave to file a renewed application.  But the

12   Court finds that doing so would be futile here.  The Court has already given Plaintiff leave to file

13   a renewed application on two occasions.  (ECF Nos. 3, 11).  But even if Plaintiff were to file a

14   complete application to proceed *in forma pauperis*, his complaint would not survive the Court's

15   initial screening required by 28 U.S.C. § 1915.

16       Under 28 U.S.C. § 1915(e)(2)(B)(i), the District courts have the authority to dismiss cases

17   at any time if the action is frivolous.  The Court may act on its own without notice to the plaintiff

18   when the plaintiff "cannot possibly win relief."  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635,

19   638 (9th Cir. 1998).  A complaint may be dismissed as frivolous if it is premised on a nonexistent

20   legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

21   The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond

22   doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

23   relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

24       Here, even liberally construing Plaintiff's complaint, the Court finds that the factual

25   allegations are nearly impossible to understand and describe factual and delusional scenarios that

26   do not state a claim upon which relief can be granted.  Plaintiff alleges that all the Defendants—

27   which include MGM Grand International, the Henderson Police Department, Zineb Kadmiri,

28

1    Leila Kadmiri, the Monrovia Police Department, the Alhambra Police Department, the San

2    Bernadino Police Department, and the San Bernadino Animal Shelter—are attempting to kill him

3    using a "parasitic biospecimen/micro-organisms…" (ECF No. 1-1 at 2). He asserts that

4    Defendants "are also utilizing a chemical compound in the form of white dust balls and a unique

5    and almost absolute almost [sic] impossible to detect gas…" (*Id.* at 2-3). Plaintiff claims that

6    Defendants are stalking him by helicopter and plane, surveilling him, and have kidnapped his cat.

7    (*Id.* at 10, 16, 23). The following sentence is exemplary of Plaintiff's rambling and delusional

8    allegations:

9
10    > The complexity of this murder plan is apparently complex beyond
11    > all imagination. The MGM grand didn't like the lawsuit being filed
      > twice so issued a hit on me for telling the world my story the 45
      > million dollar lawsuit filed by smallman and ewing was with the
12    > intent to kill me… [sic] Inevitably I will die I know this but please
      > don't let the little 10 year old girl die forgotten she died with a brain
13    > eating amoeba for no reason just to get to me it's unbelievable how
      > reckless they are proof further goes on still to this day my mother
14    > filed for a guardianship to essentially have the ability to keep me in
      > las vegas [sic] so that theyd [sic] kill me it was filed with numerous
15    > documents in which I was never served the same way my lawsuit in
      > Yousef Kadmiri Vs. Mgm Grand resorts INTL [sic] was filed not
16    > served causing my case to be dismissed.

17        (*Id.* at 26).

18        Plaintiff cannot state a claim and the complaint is properly characterized as frivolous and

19    delusional. Plaintiff's motions contain similar fanciful assertions. In three nearly identical

20    motions "for writ of prohibition," Plaintiff claims that Defendants (who he calls "Respondents")

21    have caused Plaintiff to suffer "serious medical harm, including congestive heart

22    failure…allegedly due to deliberate infection with parasitic organisms." (ECF Nos. 6, 7, 9). In a

23    motion for protective order, Plaintiff repeats his assertions that he is being surveilled and harmed

24    with parasites, claims that Zineb and Leila Kadmiri are involved in the assaults through "non-

25    consensual injection of Ozempic into Yousef Kadmiri while he was asleep," and asks the Court to

26    enjoin Defendants from harming him. (ECF No. 10). Given that Plaintiff's complaint,

27    application to proceed *in forma pauperis*, and his motions all contain indecipherable and fantastic

28

1    claims, amendment would be futile.  The Court thus recommends dismissal of Plaintiff's

2    complaint with prejudice and without leave to amend and denial of Plaintiff's pending motions.

3                                              **ORDER**

4            **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

5    *pauperis* (ECF No. 12) is **denied**.  The Clerk of Court is kindly directed to send Plaintiff a copy

6    of this order and report and recommendation.

7                            **REPORT AND RECOMMENDATION**

8            **IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1) be

9    **dismissed with prejudice and without leave to amend** as delusional and frivolous.

10           **IT IS FURTHER RECOMMENDED** that Plaintiff's motions (ECF Nos. 6, 7, 9, 10) be

11   **denied as moot.**

12                                            **NOTICE**

13           Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be

14   in writing and filed with the Clerk of the Court within fourteen (14) days after service of this

15   Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has

16   been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474

17   U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that

18   (1) failure to file objections within the specified time and (2) failure to properly address and brief

19   the objectionable issues could waive the right to appeal the District Court's order and/or appeal

20   factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.

21   1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda*

22   *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

24           DATED: November 14, 2025

26                                                   _____
                                                    DANIEL J. ALBREGTS
                                                    UNITED STATES MAGISTRATE JUDGE