**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

YOUSEF KADMIRI,

    Plaintiff

v.

MGM GRAND INTL., et al.,

    Defendants

Case No.: 2:25-cv-01514-APG-DJA

**Order Granting Motion to Extend Time to Appeal**

[ECF No. 17]

On December 5, 2025, I accepted Magistrate Judge Albregts' recommendation and dismissed this case. ECF No. 15.  Yousef Kadmiri did not file an appeal within the 30-day window allowed in Federal Rule of Appellate Procedure (FRAP) 4(a)(1)(A).  On January 20, 2026, Kadmiri filed a motion to extend or reopen the appeal deadline. ECF No. 17.

FRAP 4(a)(5) allows the district court to extend the appeal deadline if the appellant so moves within 30 days of expiration of the deadline and shows excusable neglect or good cause. Kadmiri's motion was filed within this extension period.

The Ninth Circuit has disavowed any per se rule on how to determine whether excusable neglect exists to grant an extension of the appeal deadline. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).  The *Pincay* court cited with approval the four factors established in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993):

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

389 F.3d at 855. Here, there are no other parties to this case who could suffer prejudice from Kadmiri's late appeal. The delay was reasonably short (16 days) and had no impact on this litigation as the case is closed.

Kadmiri offers several reasons for his failure to timely appeal. First, he contends he experienced "severe and repeated interference with [his] ability to electronically file documents." ECF No. 17 at 2. This likely was because he had never requested and therefore not been granted permission to file electronically in this court. But that would not have prevented him from filing his papers by mailing, emailing, or hand-delivering them to the clerk, as he apparently did several times before. Second, he contends he did not receive mailed court orders timely. *Id.* The court's docket confirms orders were timely mailed to Kadmiri (including my December 5 order), and he was able to respond to prior orders. Finally, he claims he experienced difficulties and delays related to his application to proceed in forma pauperis (IFP). *Id.* While it is true his three IFP applications were denied (ECF Nos. 3, 11, 13), he still was able to file papers with this court. So that does not explain why he could not timely file an appeal.

Finally, I am unable to determine whether Kadmiri acted in good faith or bad faith.

Although Kadmiri does not offer any good reasons for missing the appeal deadline, out of an abundance of caution I will grant his motion and extend the appeal deadline to April 6, 2026, which is 14 days from entry of this order. Fed. R, App. P. 4(a)(5)(C). Kadmiri must file a proper notice of appeal by that date; his current filing (ECF No. 17) does not count as such.

DATED this 23rd day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2